UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE SOLAS**,<br><br>*Plaintiff*,<br><br>v.<br><br>**MIGUEL CARDONA**, *in his official capacity as Secretary of the United States Department of Education*,<br><br>*Defendant*. | Docket No.:<br><br>**COMPLAINT** |

Plaintiff Nicole Solas, through her undersigned attorneys, by and for her Complaint against defendant Miguel Cardona, alleges and complains as follows:

## INTRODUCTION

1. Public officials across the country have hoarse voices from the cascading cries of "book banning" that have increased in recent years.[1] All of this "crying wolf" has created a public impression that an army of close-minded citizens is marching through school-house doors across the country to impose an Orwellian state of censorship on America's youth. But reality is far from the story that many of these high-profile officials tell the public. While calls to remove certain books from school libraries have undoubtedly increased in recent years, much of the momentum behind this movement isn't the result of prude intolerance, racial prejudice, or xenophobia. Instead,

---

[1] *See U.S. Education Secretary Cardona: focus on banning assault weapons, not books*, Reuters, (April 11, 2023), https://www.reuters.com/world/us/us-education-secretary-cardona-transgender-athletes-student-debt-history-lessons-2023-04-11/.

this movement is fueled by parents who are seeking nothing more than to remove graphic pornography from public schools. This case brings this contentious debate front and center on a national stage.

2.     On September 17, 2024, United States Secretary of Education Miguel Cardona posted on his official X (formerly Twitter) account, condemning efforts to "censor" books in public-school libraries. When Plaintiff Nicole Solas saw the post, she decided to exercise her speech rights. In reply to Secretary Cardona's post, Ms. Solas posted an image from one of these "banned books." The image—pulled from the controversial book *Fun Home: A Family Tragicomic* by Alison Blechdel—was a cartoon drawing of teenage children performing sexual acts on each other. This book is filled with similar images, prompting parents around the country to call for its removal from schools due to its sensitive content.

3.     Secretary Cardona apparently agreed that such images are not appropriate for public view; within minutes of Ms. Solas posting the image, Secretary Cardona used X's "hide" function to censor Ms. Solas's comment by removing it from public view. But Ms. Solas's post is protected by the First Amendment, and hiding the post violated the First Amendment. Moreover, this violation was not an isolated incident. Ms. Solas posted a different (but similar) image in response to subsequent posts by Secretary Cardona, and the Secretary "hid" this post in the same manner as Ms. Solas's original post. Each of these posts remain hidden from public view to this day.

4.     Ms. Solas brings this action to stop Secretary Cardona from engaging in viewpoint discrimination by hiding disfavored posts on his X account and to force the Secretary to "unhide" Ms. Solas's posts that are currently hidden. While this dispute involves a handful of social media posts in a public forum, it is representative of a larger debate occurring across the country. Parents want pornographic and other objectionable images removed from their children's schools. Public

officials are distorting these efforts by labeling them as "book banning." But public officials may not obfuscate the truth by censoring their critics' efforts to set the record straight. The Court should grant Ms. Solas's requested relief and prohibit Secretary Cardona from censoring dissenting views on this important topic.

## JURISDICTION AND VENUE

5. This action arises under the First Amendment to the United States Constitution and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, in relation to Defendant Cardona's deprivation of Ms. Solas's constitutional rights to freedom of speech. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1361. This Court has authority to award the requested injunctive relief under the First Amendment and §§ 1331 and 1361; the requested declaratory relief under § 2201; and attorneys' fees and costs under 28 U.S.C. § 2412.

6. This District is the appropriate venue for this action pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because it is the District in which Defendant Cardona maintains offices and exercises authority in his official capacity, and it is the District in which substantially all of the events giving rise to the claims occurred.

## PARTIES

7. Plaintiff is a citizen and resident of South Kingston, Rhode Island.

8. Defendant Miguel Cardona is Secretary of the United States Department of Education, whose headquarters is at 400 Maryland Avenue, SW Washington, D.C. Defendant Cardona is sued in his official capacity for prospective relief only.

9. Defendant Cardona has authority over an account on X utilizing the username "Secretary Miguel Cardona" and with the "handle" @SecCardona.

**FACTUAL ALLEGATIONS**

10. Ms. Solas is a stay-at-home mother of two school-aged children in South Kingstown, Rhode Island.

11. In 2021, Ms. Solas—whose child was beginning kindergarten in the South Kingston school district—asked the school for information about the curriculum planned for her child. She was particularly concerned about sending her daughter into an environment where she would be exposed to the controversial doctrines of Critical Race Theory and gender identity.

12. The school, however, refused to provide the information.

13. Pressing the issue, Ms. Solas learned that the only way she could get the information she sought—basic facts about the school's curriculum, teaching materials and the like—was by filling out a state-mandated public records form and paying $74,000 in fees pursuant to Rhode Island's Access to Public Records Act (APRA).

14. Working her way through this bureaucratic thicket, Ms. Solas found herself the subject of a five-hour-long public meeting at which the school district debated suing her for having the temerity to request curriculum information for her child.

15. Shortly thereafter, Ms. Solas was sued for this lawful conduct by the National Education Association Rhode Island (NEARI) and its local affiliate, National Education Association South Kingstown (NEASK), affiliates of the National Education Association, one of the country's largest and most powerful public sector unions, representing over 2.3 million people nationwide. The lawsuit filed by NEARI and NEASK sought injunctive relief to prevent South Kingstown from providing Ms. Solas with the information she had requested (the "Teachers Lawsuit").

16. The Teachers Lawsuit purported to prevent disclosure of "private" information, but the public records laws and Ms. Solas's requests pursuant to those laws only require the district to produce public records.

17. As a result of these and other experiences, Ms. Solas became a national figure. Ms. Solas's dispute with the School Committee, in fact, had begun to attract national attention, first being reported in a well-known legal blog headquartered in Rhode Island, "Legal Insurrection," with the story eventually being reported in national media including The Ingraham Angle, Tucker Carlson Tonight, Newsmax National Report, National Review, and New York Post.

18. In 2022, Ms. Solas published an editorial in the opinion section of the Fox News website concerning the pornographic content of *Gender Queer*, which the American Library Association's Office of Intellectual Freedom describes as the most challenged "banned book" of 2022.

19. In this editorial, Ms. Solas argued that not only is Gender Queer not "banned"—being readily available for purchase or borrowing by any adult who wishes to read it—but that there are, in fact, no "banned books" in the United States. Ms. Solas also observed that if there is any censorship related to adult-themed books, it is censorship of viewpoints such as hers that dissent from the narrative of books being "banned."

20. Ms. Solas owns an X account under the username "Nicole Solas, Sued by the Teachers Union" with the "handle" @nicoletta0602.

21. Ms. Solas utilizes her X account for political speech including advocating for education public policy and she commonly interacts with the accounts of public officials on X in connection with her public advocacy concerning the sexualization and politicization of public education, especially in younger grades.

5

22. Defendant Cardona and / or a person or persons acting under his authorization (hereafter, collectively referred to as "Secretary Cardona") operates an official account on X utilizing the username "Secretary Miguel Cardona" and with the "handle" @SecCardona, as shown below:



23. On September 17, 2024 at 3:15 pm, Secretary Cardona posted the following on his official X account:



24. On September 17, 2024 at 3:47 pm, Ms. Solas posted a reply to Secretary Cardona's post containing a written statement disagreeing with Secretary Cardona and including a pornographic image from a book commonly found in public schools titled, *Fun Home: A Family Tragicomic* by Alison Blechdel to support her statement. Ms. Solas's reply is reproduced below:



25. Soon thereafter, a notice appeared on the home timeline of Secretary Cardona's X account indicating that a reply had been "hidden by the original Post author."

26. "Hiding a reply" means the "original post author"—*i.e.*, Secretary Cardona—removed the reply from his home timeline and placed it on a hidden timeline, thus removing the reply from the view of users the digital public forum unless they took extra steps specifically to see all "'hidden" replies.

27. "Hidden replies" became a feature available to all X users in November 2019, and according to the then-director of product management for Twitter, it was integrated into the platform because "[p]eople mostly hide replies that they think are irrelevant, abusive or unintelligible. Those who used the tool thought it was a helpful way to control what they saw, similar to when keywords are muted."

28. The X Help Center describes "hidden replies" as the following:

> *Post authors have the option to hide replies to their posts. Everyone can still access hidden replies through the hidden reply icon, which shows up on the original post when there are hidden replies. Additionally, the post author can unhide a reply at any time. When a post author hides a reply, the author of the reply will not be notified.*
>
> 1. *From a reply to one of your posts, click or tap the ••• icon.*
>
> 1. *Select hide reply and confirm.*
>
> 2. *To view your hidden replies, click or tap the hidden reply icon [🗨] which will be available in the bottom-right of your original post.*

29. Ms. Solas does not have access to information regarding precisely how her reply came to be hidden. Upon information and belief, however, based on how X explains the "hidden reply" function works, Secretary Cardona clicked on the ••• icon located in the upper right-hand

corner of Ms. Solas's reply, selected "hide reply," and then confirmed that he wanted to hide her reply by selecting "hide reply" again.

30. On information and belief, based on how X explains the "hidden reply" function works, after initially selecting "hide reply," a notice appeared to Secretary Cardona stating the following:

> **Hiding replies to your post**
>
> *To give you more control over the conversations you start, post authors can hide replies to their posts.*
>
> *Hidden replies are moved to a separate page, and anyone can view them by selecting the hidden reply icon on the post. Learn more*

31. Secretary Cardona is the "original Post author," and, as such, Secretary Cardona is the only actor who can "hide replies" to his posts.

32. Secretary Cardona knew or should have known that the act of clicking "hide reply" two times on Ms. Solas's reply would amount to an unconstitutional censorship of Ms. Solas's protected speech because the reply would be "moved to a separate page" and thus unconstitutionally censored from the digital public forum.

33. Ms. Solas did not receive a notification from the X platform that her reply was hidden by Secretary Cardona. Instead, another X account user with the handle @AndyCazzola replied to Secretary Cardona's post with a screen shot of Ms. Solas's post, saying, "this you?," as set forth below. Ms. Solas would not have known that her reply was hidden but for other X users alerting her.



34. Ms. Solas then posted the screenshot of her "hidden reply" as a second reply to Secretary Cardona's post and stated, "Why are you hiding the pornography in public school." Secretary Cardona did not hide this second reply.

35. Other X users replied to Secretary Cardona with Ms. Solas's screenshot of the "hidden replies," republishing Ms. Solas's reply as well as two other hidden replies, as shown below:





36. On September 17, 2024 at 10:29 pm, the X account with the handle @LibsOfTikTok posted a reply stating, "These are the books Sec Cardona is accusing us of 'banning' in schools" and included dozens of pornographic images from school books widely reported as "banned books," as set forth below:



Secretary Cardona did not hide this reply even though it contained far more pornographic images and constituted the same viewpoint as Ms. Solas's disagreement with Secretary Cardona.

37. The X account @LibsOfTikTok has over 3.5 million followers and its reply to Secretary Cardona received 12,000 views as of October 23, 2024.

13

38. By contrast, Ms. Solas has approximately 49,500 followers and her hidden reply to Secretary Cardona received only 1,737 views as of October 23, 2024.

39. Ms. Solas's second, uncensored reply to Secretary Cardona received 5,000 views as of October 23, 2024 which is a remarkable increase compared to her first, censored reply.

40. The reply of @LibsOfTikTok received more views and broader engagement because it remained in the digital public forum uncensored.

41. Secretary Cardona also hid the replies of two other X users whose handles are @DiSilentio and @newsjohnson. The hidden reply of @DiSilentio disagreed with Secretary Cardona's view and included pornographic images excerpted from another public-school book titled, *Gender Queer* by Maia Kobabe, depicting children engaging in sex acts, as shown below:



42. As of October 23 2024, there were approximately 1,300 other replies to Secretary Cardona's September 17th post. Many of those replies contain the same viewpoint or imagery as those included in Ms. Solas's hidden reply.

43. As of October 23, 2024, the only replies to Secretary Cardona's September 17th post that were hidden by Secretary Cardona were those of Ms. Solas and the accounts with the handles @DiSilentio and @newsjohnson.

44. On September 18, 2024 at 9:30 pm, Secretary Cardona made the post shown below:

15



45. On September 19, 2024 at 6:20 am, Ms. Solas replied in a post demonstrating more pornographic imagery from *Gender Queer*, stating, "I don't want 'diversity' reframing pornography in these school books," as shown below:



46. On September 19, 2024, Ms. Solas discovered that Secretary Cardona had hidden this reply, unconstitutionally censoring her speech a second time.

47. As of October 23 2024, there were 84 other replies to Secretary Cardona's September 18th post. Many of those replies contain the same viewpoint or imagery as those included in Ms. Solas's hidden reply.

48. As of October 23, 2024, the only reply to Secretary Cardona's September 18th post that was hidden by Secretary Cardona was that of Ms. Solas.

49. Ms. Solas lacks direct evidence regarding Secretary Cordona's motivations. On information and belief, however, based on Secretary Cardona's selective "hiding" of Ms. Solas's

posts, the Secretary is targeting Ms. Solas's protected speech for censorship because of her high profile, her reputation among people interested in this debate, and her past activism on this issue.

50. Indeed, to the best of Ms. Solas's knowledge, other than set forth above, Secretary Cardona has never hidden any other replies in any of his past posts about any other topic since he assumed office on March 2, 2021.

**CLAIM FOR RELIEF**
**Deprivation of Civil Rights**
*First Amendment to U.S. Constitution*

51. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if fully set forth herein.

52. Ms. Solas's replies on X constitute speech protected by the First Amendment.

53. As a government-operated, interactive social media page, Secretary Cardona's X account is a designated or limited public forum.

54. Ms. Solas is a person to whom the forum was opened.

55. Ms. Solas's replies contained speech that fell within the limitations of the forum.

56. Secretary Cardona's acts in hiding Ms. Solas's responses to Secretary Cardona's X posts constitute unconstitutional censorship of her speech.

57. The hiding of Ms. Solas's replies is not reasonable in light of the forum's purpose.

58. The hiding of Ms. Solas's replies constitutes discrimination based on viewpoint.

59. Upon information and belief, Defendant Cardona was either personally involved in the decision to hide Ms. Solas's posts or delegated that authority to someone who acted upon that authorization.

60. Secretary Cardona has the authority to "unhide" Ms. Solas's replies.

61. The hiding of Ms. Solas's replies constituted an adverse action that would deter or chill a person of ordinary firmness from expressing criticism of Secretary Cardona.

62. The hiding of Ms. Solas's replies interfered with her First Amendment right to petition the government for grievances, which includes allowing citizens to express their ideas, hopes, and concerns to their government.

63. Ms. Solas was damaged by the hiding of her replies which prevented her from engaging in the protected First Amendment activities of speaking, petitioning, and receiving the speech of others to the same extent permitted to those whose comments were not hidden.

**REQUEST FOR RELIEF**

**WHEREFORE**, on the basis of the foregoing, plaintiff Nicole Solas respectfully requests that this Court:

a. Declare unconstitutional Defendant Cardona's viewpoint-based exclusion and censorship of Ms. Solas by virtue of his hiding of Ms. Solas's replies to his posts on X;

b. Enjoin Defendant Cardona from engaging in viewpoint-based exclusion or censorship of posts, including but not limited to posts made by Ms. Solas, that are protected by the First Amendment on any social media platform, including by blocking posts, deleting or hiding posts, or restricting users from being able to comment;

c. Order Defendant Cardona to "unhide" any post by Ms. Solas that is protected by the First Amendment, including but not limited to the posts identified herein;

d. Award reasonable attorney's fees, expenses, and costs of litigation pursuant to 28 U.S.C. § 2412 and other applicable law; and

e. Award such other and further relief as this Court deems just and proper.

/s/ Ronald Coleman
Ronald D. Coleman
DHILLON LAW GROUP, INC.
A California Professional Corporation
50 Park Place, Suite 1105
Newark, NJ 07102
973-298-1723
rcoleman@dhillonlaw.com

Joshua Wallace Dixon
Eric Sell
CENTER FOR AMERICAN LIBERTY
1311 S. Main Street, Suite 207
Mount Airy, MD 21771
(703) 687-6200
esell@libertycenter.org
jdixon@libertycenter.org

*Counsel for Plaintiff Nicole Solas*

Dated: October 23, 2024